THIRD DEPARTMENT, SEPTEMBER, 1994

(September 1, 1994)

■ In the Matter of JOSEPH J. DIOGUARDI, Respondent, v HELENA M. DONOHUE et al., Constituting the New York State Board of Elections, Respondents, and BARRY N. KAPLAN et al., Appellants. [615 NYS2d 948] —Per Curiam. Appeal from an order of the Supreme Court (Kahn, J.), entered August 24, 1994 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the designating petition naming petitioner as the Right to Life Party candidate for the office of Member of Congress for the 19th Congressional District in the September 13, 1994 primary election.

Respondents Barry N. Kaplan, Susan Nestro, Charles Ferrante and William F. McGowen (hereinafter collectively referred to as the objectors), all of whom filed objections to petitioner's designating petition, contend that Supreme Court should have dismissed this proceeding due to petitioner's failure to join Anthony Ruggiero, who filed separate objections to petitioner's designating petition, and certain county boards of election as necessary parties.* We cannot agree.

Initially, we reject petitioner's assertion that the procedural objections raised by the objectors are not properly before this Court. Petitioner's alleged failure to join necessary parties was raised in the objectors' answer and cross motion to dismiss filed in this proceeding; in validating petitioner's designating petition, Supreme Court implicitly rejected the objectors' arguments on this point. Hence, this issue is properly before this Court.

Turning to the substance of the objectors' challenge, we are of the view that neither Ruggiero nor the relevant county boards of election are necessary parties to this proceeding. As to Ruggiero, an objector is a necessary party only where he or she has prevailed before the body entertaining the objection,

* As this is the only argument raised in the objectors' brief, we deem any remaining challenges to Supreme Court's decision in this matter to be abandoned *(see, First Natl. Bank v Mountain Food Enters.,* 159 AD2d 900, 901).

here, the State Board of Elections *(see, Matter of Wein v Molinari,* 51 NY2d 717, 718; *Matter of Gartner v Salerno,* 74 AD2d 958, 959, *lv denied* 49 NY2d 704). Although the record is silent regarding whether Ruggiero's objections were sustained by the State Board, the objectors state in their brief that petitioner's designating petition was invalidated based upon "the objections of other objectors", i.e., objections other than those filed by Ruggiero, and conceded at oral argument that Ruggiero did not prevail before the State Board. In view of these concessions, Ruggiero may not be characterized as a successful objector and, hence, cannot be deemed a necessary party.

With respect to the county boards of election, the record indicates that petitioner's designating petition and the various objections thereto were filed with the State Board. Thus, the State Board is responsible for, *inter alia,* certifying petitioner as the Right to Life Party candidate for the office of Member of Congress for the 19th Congressional District and placing his name upon the ballot in the upcoming primary election *(see,* Election Law §§ 4-110, 6-144). As such, the role assumed by the relevant county boards of election here is entirely ministerial and, hence, such boards are not necessary parties. To the extent that our prior decision in *Matter of Castracan v Colavita* (173 AD2d 924, *appeal dismissed* 78 NY2d 1041) may suggest otherwise, we note that the language regarding the need to join county boards of election as necessary parties in that particular proceeding was dictum.

Mikoll, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.