(December 29, 1997)

■ In the Matter of MYRA C. DORMAN, as Candidate for the Office of Supervisor of the Town of Rensselaerville, Respondent, v GEORGE P. SCARINGE et al., as Commissioners Constituting the Albany County Board of Elections, et al., Respondents, and JOHN B. GEURTZE, JR., as Candidate for the Office of Supervisor of the Town of Rennselaerville, Appellant. [667 NYS2d 76] —Per Curiam. Appeals (1) from an order of the Supreme Court (Graffeo, J.), entered November 26, 1997 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to Election Law §§ 16-106 and 16-112, to enjoin the Albany County Board of Elections from opening and canvassing certain absentee ballots which were voted in the November 4, 1997 general election for the office of Town Supervisor of the Town of Rensselaerville, and (2) from an order of said court, entered December 12, 1997 in Albany County, which denied a motion by respondent John B. Geurtze, Jr. for a new hearing.

At issue herein are seven absentee ballots which, in addition to 18 others, were challenged based upon residency (*see*, Election Law § 9-209 [2] [d]). When the Albany County Board of Elections could not agree as to their validity, all 25 ballots were set aside (*see*, *id.*) and it was requested that respondent Albany County Sheriff conduct a residency check (*see*, Election Law § 5-702).

After the receipt of the residency check conducted by Deputy Sheriff Ronald Bates, petitioner commenced this proceeding pursuant to Election Law § 16-106 (5). After the parties entered into stipulations regarding certain of the challenged ballots, an evidentiary hearing was conducted regarding the remaining 14 ballots.*

Supreme Court, upon denial of respondents' challenge to its jurisdiction based upon Election Law § 9-209 (2) (d), concluded that seven of the challenged ballots should remain unopened. Respondent John B. Geurtze, Jr. filed a notice of appeal and prior to perfecting such appeal, unsuccessfully sought to have

---

* During the hearing, the parties further stipulated to the validity of one of the 14 ballots, thereby requiring a determination by Supreme Court as to only 13 ballots.

the hearing reopened based upon newly discovered evidence. Both orders are the subject of these appeals.

We find that Supreme Court properly denied respondents' challenge to the court's jurisdiction, concluding that the proceeding was timely commenced pursuant to Election Law § 16-106 (5). However, with respect to its determination that petitioner had rebutted the presumption of validity relevant to five of the seven ballots at issue (*see*, Election Law § 5-104 [2]), we disagree.

Addressing first the absentee ballot applications of Edward L. Welsch, Jr. and Harold Welsch, Bates' report indicated that the address listed on these applications was that of James Welsch and that a resident there told him that Edward Welsch moved out of the Town of Rensselaerville, Albany County, to live with a girlfriend and Harold Welsch moved to the Town of Berne, Albany County. On cross-examination, however, it was revealed that Bates' information was based solely upon a statement of a "child [in his] early teens, ten, twelve, thirteen." Moreover, Geurtze testified that he had known both of these voters for over 10 years and that they presently resided at the address listed on the absentee applications. With petitioner having failed to rebut the presumption of validity arising from voter registrations (*see*, Election Law § 5-104 [2]; *Matter of Hosley v Curry*, 85 NY2d 447, 451-452), we find that these ballots should have been ordered opened.

Roger AuClair's absentee ballot should also have been opened. Bates' report and testimony indicated that he failed to recognize that the address listed on AuClair's application was *RR1 Box 102* Bates Hollow Road, not 102 Bates Hollow Road. Thus, his failure to locate a house at that address was not dispositive of AuClair's lack of residency (*see*, Election Law § 5-104 [2]).

Concerning Chad Hallenbeck's absentee ballot, we find no basis to disturb Supreme Court's determination in light of his own statement to Bates that he lived on Route 145 in Schoharie County. We further agree with Supreme Court's rejection of Richard Van Tassell's absentee ballot upon the reasons therein specified (*see*, Election Law § 8-400 [4]).

In reviewing the challenge to the absentee ballots of both Angelo Fragala and Vito Francesco Fragala, however, we find that they should have been opened. Bates' report indicated that a person living at their listed address stated that although Angelo was her grandfather and Vito was her grandfather's brother, both had been deceased for many years. Cross-examination revealed that Bates never sought to confirm

whether these individuals were deceased and, in both instances, failed to attempt to contact them at the Massachusetts addresses listed on their applications. Concluding that petitioner once again failed to overcome the presumption of validity arising from these voter registrations (*see*, Election Law § 5-104 [2]; *Matter of Hosley v Curry, supra*), the determination to reject such applications was in error.

In light of our determination with respect to these voters, Supreme Court's order regarding the CPLR 4404 motion is academic.

Mikoll, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the order entered November 26, 1997 is modified, on the law and the facts, without costs, by reversing so much thereof as determined that the absentee ballot applications of Edward L. Welsch, Jr., Harold Welsch, Roger AuClair, Angelo Fragala and Vito Francesco Fragala remain unopened; it is directed that these five absentee ballots be so opened and matter remitted to the Albany County Board of Elections for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

(December 30, 1997)