■ In the Matter of DANIEL G. POWELL, Appellant, v GLENN WEYANT et al., Respondents. [761 NYS2d 545] —Per Curiam. Appeal from a judgment of the Supreme Court (Spargo, J.), entered May 9, 2003 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-106, to, inter alia, open and canvass certain absentee ballots cast at the March 18, 2003 village election for the office of Mayor of the Village of Tannersville.

After the voting machine had been tallied and the opened absentee ballots counted, respondent Glenn Weyant led petitioner 121 to 119. The issues on this appeal concern three absentee ballots not opened due to errors appearing on the face of the applications for such ballots.*

Petitioner's claim that the inspectors of election failed by a majority vote to sustain the challenges (*see* Election Law § 8-506 [2]) was rejected by Supreme Court on the basis of the credibility of the witnesses. We perceive no basis upon which to disturb Supreme Court's credibility determinations (*see Matter of Carney v Davignon*, 289 AD2d 1096, 1097 [2001]). Additionally, in the absence of any expressed prejudice, we are unpersuaded by petitioner's argument that the inspectors' failure to place an endorsement on the ballot envelopes indicating the nature of the objection and the outcome of the vote (*see* Election Law § 8-506 [2]) is grounds for reversal. The basis for the objections to the ballots was made clear on election night and was preserved for consideration by the Greene County Board of Elections, notwithstanding the technical defect.

Timely challenge to the opening of these ballots was made by a poll watcher (*see* Election Law § 8-506 [1]; § 15-100; *see e.g. Matter of Dorman v Scaringe*, 245 AD2d 949 [1997], *lv denied* 91 NY2d 813 [1998]). As a result, the inspectors of election

---

* Petitioner's additional challenge to two opened absentee ballots on the basis that they were improperly marked was rejected by Supreme Court. Petitioner does not address these ballots on this appeal and we, therefore, deem any issues concerning these ballots abandoned (*see Matter of Dioguardi v Donohue*, 207 AD2d 922, 922 n [1994]).

were required to determine if the ballots were "lawfully cast by * * * qualified elector[s] of [the] district" and, if not qualified "under the provisions of this section," not to count the ballots (Election Law § 15-120 [8]).

We conclude that, pursuant to all of the provisions of Election Law § 15-120, these ballots were properly left unopened. Maura Gallagher's application (as well as her ballot envelope) reveals her residence to be outside of the election district. Rose Moskowitz and Henry Moskowitz each signed the other's application, so neither submitted a properly signed application (*see* Election Law § 15-120 [3]). Therefore, these voters were neither entitled to receive nor to cast these absentee ballots.

Mercure, J.P., Carpinello, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.