(September 2, 2005)

■ In the Matter of MARC S. ALESSI, Appellant, et al., Petitioners, v GEORGE E. PATAKI, as Governor of the State of New York, et al., Respondents. [801 NYS2d 82]—

Per Curiam. Appeal from an amended order of the Supreme Court (Malone, Jr., J.), entered August 25, 2005 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to Election Law § 16-102 and action for declaratory judgment, to review a determination of respondent Governor scheduling a special election to be held on September 13, 2005 to fill a vacancy in the First Assembly District.

On June 17, 2005, Patricia Acampora resigned from her position in the Assembly and thereby created a vacancy in the First Assembly District located in Suffolk County (*see* Public Officers Law § 30 [1] [b]). The vacancy was certified by respondent State Board of Elections on June 23, 2005. Subsequently, petitioner Marc S. Alessi (hereinafter petitioner) filed designating peti-

tions for the Democratic, Working Families and Independence parties, and respondent Michael J. Caracciolo filed designating petitions for the Republican, Conservative and Independence parties. Their names were then placed on the ballot by respondent Suffolk County Board of Elections (hereinafter the Board) for the primary election on September 13, 2005.

On August 4, 2005, respondent Governor issued a proclamation calling for a special election for this vacancy to be held on September 13, 2005, the same day as the scheduled primary. Thereafter, petitioners commenced this combined proceeding pursuant to Election Law § 16-102 and action for declaratory judgment, seeking, among other things, to enjoin the special election and continue the scheduled primary. Supreme Court dismissed the petition, resulting in this appeal by petitioner.

Where, as here, a vacancy in an elective office occurs before September 20, Public Officers Law § 42 (1) provides that such vacancy "shall be filled at the general election held next thereafter, unless otherwise provided by the constitution, *or unless previously filled at a special election*" (emphasis added). Because the subject vacancy is not one that can be filled by appointment for a period extending to or beyond December 31, 2005 (*see* NY Const, art XIII, § 3; *Matter of Mitchell v Boyle*, 219 NY 242, 245 [1916]), Public Officers Law § 42 (3) provides that "the governor may in his discretion make proclamation of a special election to fill such office . . . which shall be not less than thirty nor more than forty days from the date of the proclamation." While this provision imposes a time restriction upon the Governor's authority, it otherwise affords him considerable discretion in deciding if and when to issue such a proclamation (*see* 1925 Ops Atty Gen 76).

While petitioner contends that the Governor exercised his discretion "in a dilatory manner, to divest [the Board] of its authority," there is nothing in Public Officers Law § 42 or the legislative history underlying it to indicate that the Governor's discretion is limited by the Board's declaration of a primary in a contested race—an act that is ministerial in nature and does not reflect any independent authority (*see* Election Law §§ 4-110, 6-144; *Matter of Dioguardi v Donohue*, 207 AD2d 922, 924 [1994]). On the contrary, the plain language of Public Officers Law § 42 demonstrates that the Governor may exercise his discretion to call for a special election, the nature of which precludes a primary (*see* Election Law § 6-158 [6] [candidates in a special election are designated by certificate of party nomination filed within 10 days of proclamation]; *see also* Election Law § 6-114).

Moreover, "[w]hether a special election of the character of the one under consideration shall be held, *and if so when*, involves a matter of executive discretion with which the courts have no right or power to interfere" (*People ex rel. Fitzgerald v Voorhis*, 222 NY 494, 499 [1918] [emphasis added]). Thus, judicial review in this case is limited to "whether the State Constitution or the Legislature has empowered the Governor to act, and does not include the manner in which the Governor chooses to discharge that authority" (*Matter of Johnson v Pataki*, 91 NY2d 214, 223 [1997]). Inasmuch as petitioner has not demonstrated that the Governor lacked authority to call for this special election, we find no basis to disturb Supreme Court's amended order.

Finally, we have examined petitioner's remaining contentions, including his argument that the Governor's authority to so act was restricted by Election Law § 6-116, and find them to be similarly unpersuasive.

Cardona, P.J., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that the amended order is affirmed, without costs.