(October 21, 2009)

■ In the Matter of Samuel Messina, Respondent, v Albany County Board of Elections et al., Respondents, and John H. Cunningham et al., Appellants. [887 NYS2d 688]—

Per Curiam. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered October 8, 2009 in Albany County, which, among other things, granted petitioner's application, in a proceeding pursuant to Election Law §§ 16-102, 16-106 and 16-112, to declare invalid certain absentee ballots cast in the Working Families Party primary election for the office of Supervisor in the Town of Bethlehem, Albany County, held on September 15, 2009.

This proceeding involves a challenge to 11 absentee ballots cast in the Working Families Party (hereinafter WFP) primary for Supervisor in the Town of Bethlehem, Albany County. In August 2009, 13 completed voter registration forms and applications for absentee ballots were presented to respondent Albany County Board of Elections. All of the forms had been completed by newly registering voters who sought to enroll in the WFP. While the registration forms were being processed by respondent Matthew J. Clyne, the Democratic Elections Commissioner, employees notified respondent John Graziano, the Republican Elections Commissioner, who began to raise questions. After a contentious discussion with Clyne, Graziano agreed that the registration forms should be processed. In addition, Graziano agreed that the absentee ballots could be issued pursuant to the applications, but reserved his right to object to such issuance.

After 11 of the absentee ballots were cast, petitioner, a candidate in the WFP primary, objected to the opening, counting and canvassing of those ballots. He thereafter commenced this proceeding, by order to show cause, pursuant to Election Law §§ 16-102, 16-106 and 16-112, requesting that Supreme Court, among other things, oversee the canvassing of the absentee, emergency and affidavit ballots cast in the primary election. The petition also alleged that the absentee ballots were issued to voters who were not qualified to vote pursuant to Election Law § 8-303 because they failed to show proper identification. Supreme Court conducted a hearing on October

1, 2009 at which petitioner, respondent John H. Cunningham (another candidate in the WFP primary), Clyne and Graziano all appeared. Minutes before the hearing commenced, Graziano served an answer upon the other parties which, for the first time, raised the argument that the applications for absentee ballots for the 11 voters should be declared invalid, ab initio, because of a material misrepresentation. Graziano alleged that, at the time the voters completed their absentee ballot applications, they were required to certify that they were registered voters and, inasmuch as they filled out the applications contemporaneously with their voter registration forms, they could not have made such statement. During the hearing, petitioner moved to amend his petition to include this claim, over the objection of Cunningham and Clyne, which motion the court granted.

Supreme Court thereafter granted Cunningham's motion to dismiss as much of the petition as claimed a violation of Election Law § 8-303, finding that the proper information was included on the voters' registration forms and their identities were verified prior to the primary election. However, the court further found that, because the voter registration forms and corresponding absentee ballot applications were affirmed on the same day, it was impossible for the voters to have believed that, at the time they executed the applications, they were registered to vote, and the applications therefore contained material misstatements of fact. As such, the court ruled that the applications were void ab initio and, consequently, the Board was without authority to issue the ballots. Accordingly, the court held that the ballots were invalid and could not be opened, canvassed or counted. Cunningham and Clyne now appeal.

As a threshold issue, we reject Cunningham's assertion that Supreme Court erred in failing to dismiss the petition for failure to join as necessary parties the voters whose ballots are being challenged. Contrary to his contention, Election Law § 16-108 (2) is inapplicable, inasmuch as petitioner has not challenged, in either the petition or during the hearing, the registration of the voters but, instead, challenges the right of their absentee ballots to be counted. As this litigation compels us to examine the " 'legislatively mandated requirements of the Election Law,' " we find that the requested relief can be granted without joining the voters and that they will not be inequitably affected by the outcome (*Matter of Harper v New York State Bd. of Elections*, 34 AD3d 919, 920 [2006], quoting *Matter of Breslin v Conners*, 10 AD3d 471, 473-474 [2004], *lv denied* 3 NY3d 603 [2004]; *see* CPLR 1001 [a]; *Matter of Seaman v Bird*, 176 AD2d 1061, 1062 [1991]; *Matter of Michaels v New York State Bd. of*

*Elections*, 154 AD2d 873, 873 [1989]; *see also Matter of O'Brien v Seneca County Bd. of Elections*, 22 AD3d 1036, 1036 [2005]; *see e.g. Matter of Panio v Sunderland*, 4 NY3d 123 [2005]).

We do find merit, however, in the contention of Cunningham and Clyne that Supreme Court erred in allowing Graziano to raise the argument that the absentee ballot applications were void ab initio, and in allowing petitioner to amend his petition to assert that claim. It is imperative that a petition sufficiently particularize the claimed irregularities in order that the respondents are put on notice of the errors being asserted (*see Matter of Krueger v Richards*, 59 NY2d 680, 682-683 [1983]; *Matter of Fischer v Suffolk County Bd. of Elections*, 55 AD3d 759, 760 [2008]; *Matter of Jennings v Board of Elections of City of N.Y.*, 32 AD3d 486, 486-487 [2006], *lvs denied* 7 NY3d 707 [2006]; *Matter of Vasquez v Smith*, 224 AD2d 822, 823-824 [1996]; *compare Matter of Maxwell v Hill*, 225 AD2d 947, 948-949 [1996]; *Matter of Mazza v Board of Elections of County of Albany*, 196 AD2d 679, 680 [1993]). It necessarily follows that an argument that is advanced for the first time during a hearing should not be considered, as it is manifestly unfair to suddenly confront a party and deprive it of its full statutory opportunity to meet the proof of its opponent (*see Matter of Krueger v Richards*, 59 NY2d at 682-683; *Matter of Suarez v Sadowski*, 48 NY2d 620, 621 [1979]).

Here, the petition merely stated that the absentee ballots should not have been issued because the identity requirements of Election Law § 8-303 had not been complied with and included generalized claims, such as that the Board "may be unable to determine the validity of the individual ballots." The specific allegation that the applications were void ab initio was first advanced, as acknowledged by both Supreme Court and Graziano, in Graziano's answer, which was untimely served on respondents just minutes before the commencement of the hearing.\* Only after Graziano advanced this argument during the hearing did petitioner adopt the argument and seek to amend his petition. Notably, the issue was not addressed in either Cunningham's or Clyne's individual answers, which only addressed

---

\* Notably, Graziano, having failed to avail himself of the statutory procedure to challenge the issuance of the absentee ballots (*see* Election Law § 8-402), cannot challenge the applications after the ballots have been cast (*see Matter of Gross v Albany County Bd. of Elections*, 10 AD3d 476, 479 [2004], *affd* 3 NY3d 251 [2004]; *Matter of Mondello v Nassau County Bd. of Elections*, 6 AD3d 18, 25-26 [2004]; *Matter of Kolb v Casella*, 270 AD2d 964, 965 [2000], *lv denied* 94 NY2d 764 [2000]; *Sheils v Flynn*, 252 App Div 238, 242-243 [1937], *affd* 275 NY 446 [1937]; *Matter of St. John v Board of Elections of County of Albany*, 145 Misc 2d 324, 328-329 [1989]).

petitioner's challenge to the verification of the new registrants' identification. As such, we find that the petition did not sufficiently put respondents on notice that this argument was being advanced and, therefore, the court erred in allowing the issue to be raised for the first time during the hearing and ruling on its merits (*see Matter of Krueger v Richards*, 59 NY2d at 682-683; *Matter of Fischer v Suffolk County Bd. of Elections*, 55 AD3d at 760; *Matter of Jennings v Board of Elections of City of N.Y.*, 32 AD3d at 486-487).

Peters, J.P., Rose, Kane and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.