(December 18, 2009)

In the Matter of GREGORY C. FINGAR, as Chair of the Columbia County Republican Committee, et al., Respondents, v VIRGINIA MARTIN, as a Commissioner of the Columbia County Board of Elections, et al., Appellants, et al., Respondents. [892 NYS2d 235]—

Per Curiam.

Petitioners commenced this proceeding pursuant to Election Law § 16-106 challenging absentee ballots cast in the November 3, 2009 general election. On the limited record[1] before us, it appears that the grounds for petitioners' challenges purportedly included, among other things, that signatures on the absentee ballots did not match specimens on the voters' registration forms, there was inadequate information on absentee applications and information on certain applications included incorrect or untrue information. Respondent Virginia Martin, the Democratic Commissioner of the Columbia County Board of Elections, moved to dismiss the petition. Martin and respondents Chair of the Columbia County Democratic Committee and the Democratic Party candidates for the public offices at issue contend that, in essence, this is a dispute as to the absentee voters' choice of residency since they each have more than just a local residence. Supreme Court denied the motion to dismiss and said respondents now appeal.

Petitioners have set forth sufficient allegations to avoid dismissal under the liberal standard applicable to CPLR 3211 motions (see generally Kovach v Hinchey, 276 AD2d 942, 943 [2000]). However, to the extent that petitioners do, in fact, premise any challenges on voters' dual residency, we note that the law regarding a voter choosing among residences for election purposes is interpreted broadly (see Matter of Willkie v Delaware County Bd. of Elections, 55 AD3d 1088, 1089-1090 [2008]), and a challenge to such residency should be made pursuant to the procedure to challenge the issuing of the absentee ballots and not, as here, after those ballots have been cast (see Election Law § 8-402; Matter of Messina v Albany County Bd. of Elections, 66 AD3d 1111, 1114 n [2009], lv denied 13 NY3d 710 [2009]; Matter of Mondello v Nassau County Bd. of Elections, 6 AD3d 18, 25-26 [2004]). Moreover, the failure to join the voters as necessary parties reflects, under the circumstances of this case, that their representation regarding residency to become registered voters is not being challenged (cf. Matter of Messina v Albany County Bd. of Elections, 66 AD3d at 1113).[2]

The remaining issues have been considered and found unavailing.

---

1. Notably, the stipulation referred to by County Court, in which petitioners apparently "narrowed the assertions contained generally in their pleadings," is not in the record.

2. It is unclear from this record whether the issue of nonresidency (see Matter of Delgado v Sunderland, 97 NY2d 420 [2002]; Matter of Dorman v Scaringe, 245 AD2d 949 [1997], lv denied 91 NY2d 813 [1998]) was raised before County Court.

Peters, J.P., Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.