(January 9, 2013)

In the Matter of GEORGE A. AMEDORE JR., Respondent-Appellant, v GREGORY PETERSON et al., as Commissioners of the New York State Board of Elections, et al., Respondents, and CECILIA F. TKACZYK et al., Appellants-Respondents. (Proceeding No. 1.) In the Matter of CECILIA F. TKACZYK, Appellant-Respondent, v EVELYN AQUILA et al., as Commissioners of the New York State Board of Elections, et al., Respondents, and GEORGE A. AMEDORE JR., Respondent-Appellant. (Proceeding No. 2.) [957 NYS2d 511]—

Per Curiam. Cross appeals from an order of the Supreme Court (Tomlinson, J.), entered December 19, 2012 in Montgomery County, which, among other things, partially granted petitioners' applications, in two proceedings pursuant to Election Law article 16, to, among other things, direct that certain ballots be cast and canvassed in the November 6, 2012 general election for the office of State Senator for the 46th Senate District.

George A. Amedore Jr. was the Republican, Independence and Conservative Party candidate for the office of State Senator for the 46th Senate District in the November 6, 2012 general election, and Cecilia F. Tkaczyk was the Democratic, Working Families and Green Party candidate for said office. Following the

election, Amedore and Tkaczyk (hereinafter collectively referred to as the parties) timely commenced these Election Law article 16 proceedings seeking to preserve the ballots cast therein[1] —as well as certain associated records and documentation in the possession of the Boards of Elections of Montgomery, Schenectady, Albany, Greene and Ulster Counties—and to determine the validity of certain ballots to which the parties had objected on various grounds. Following Supreme Court's determination that certain special ballots cast by Ulster County election inspectors would not be canvassed, the court granted the motion of two such inspectors, respondents Barbara Bravo and Carole Furman, to intervene in proceeding No. 1. Ultimately, following numerous hearings conducted over the course of more than two weeks, Supreme Court, as is relevant here, sustained the parties' objections to numerous affidavit and absentee ballots voted in the election and determined that these ballots would not be cast and canvassed by the respective Boards. Following its receipt of certified canvass results from the Boards, the court accordingly adjudged Amedore to be the winner of the election by a margin of 63,141 to 63,104. The parties, Bravo and Furman now cross-appeal, calling into contention several hundred unopened ballots.[2] While we agree that Supreme Court properly sustained objections to a majority of those ballots, we find—for the reasons that follow—that 99 of those ballots should have been cast and canvassed.

Supreme Court erred in sustaining objections to 53 special ballots cast by Ulster County election inspectors.[3] Election Law § 11-302 entitles an election inspector working "at a polling place other than the one at which he or she is registered to vote" to apply for and cast a special ballot in that election. The statute directs the local board of elections to provide the "ballot not earlier than two weeks before the election and not later than the close of the polls" (Election Law § 11-302). The Ulster County Board of Elections (hereinafter Ulster Board) provided

---

1. In order to preserve the anonymity of the individual voters at issue, reference will be made to specific ballots by such ballot's exhibit number as determined by the parties and Supreme Court.

2. Amedore has abandoned his cross appeal by failing to address same in his brief (see *Matter of Bjork v Bjork*, 58 AD3d 951, 952 n [2009], *lv denied* 12 NY3d 708 [2009]; *Matter of Dickinson v Woodley*, 44 AD3d 1165, 1166 n 1 [2007]).

3. Those ballots are numbered U8, U36, U59, U71, U82, U116, U137, U162, U165, U177, U178, U179, U218, U223, U227, U241, U242, U280, U281, U286, U302, U309, U313, U327, U338, U341, U353, U354, U368, U371, U372, U387, U388, U391, U393, U394, U395, U410, U412, U413, U414, U415, U416, U417, U429, U431, U434, U460, U461, U473, U497, U504 and U524.

the challenged ballots more than two weeks before the election, and the relevant special ballots are at issue because they were returned to the Ulster Board more than two weeks before the election.

While Election Law § 11-302 directs a board of elections to provide the special ballot within the two weeks prior to Election Day, it does not direct a voter to return the ballot within that period. The statute instead only directs that a completed ballot be returned "not later than the close of the polls on election day" (Election Law § 11-302). The clear language of the statute provides that the two-week time period applies only to the provision of the ballot and not its return by the voting election inspectors, a reading that is further supported by the statutory history. Significantly, the statute previously read that "[t]he board of elections shall *permit* such voter *to cast* a special ballot" within a week of the election (Election Law former § 11-302 [emphasis added]). In 2003, however, the statute was amended to direct that the board "provide" the ballot within the two weeks prior to the election, with a new sentence specifying that the voter was to return it before the close of the polls on election day (Election Law § 11-302, as amended by L 2003, ch 243). The statute now only requires that the ballots be submitted by voters prior to the close of the polls, without direction to the voters regarding the earliest time that they may cast their ballots. Despite the Ulster Board's violation of the statutory direction to provide the special ballots "not earlier than two weeks before the election" (Election Law § 11-302), the voters did not violate any portion of the statute directed at them. Thus, the 53 challenged special ballots should be cast and canvassed.

Supreme Court upheld objections to 209 affidavit ballots on the grounds that the affidavit ballot envelopes contained inaccurate or incomplete information. Those objections were properly raised before Supreme Court because a person may object "to the casting or canvassing of any ballot on the grounds that the voter is not a properly qualified voter of the election district, . . . or otherwise not entitled to cast such ballot" (Election Law § 9-209 [2] [d]). Here, the objections were that the 209 voters were not qualified to cast affidavit ballots. Election Law § 8-302 provides that when a voter appears at a polling place and claims to live in that election district, but his or her name does not appear in the poll ledger or computer-generated registration list, that person may only vote in one of two ways: he or she can (1) obtain a court order, or (2) "swear to and subscribe an affidavit" containing specific information listed in

the statute (Election Law § 8-302 [3] [e] [i], [ii]). We have reviewed the 209 affidavit ballot envelopes, along with supporting documentation where required, and determine that 26 of them contain all of the statutorily required information.[4] Thus, those voters' ballots should be cast and canvassed. Because the remaining voters failed to accurately complete the affidavit ballot envelopes by including all of the statutorily required information, their ballots were invalid and should not be canvassed (*see Matter of Skartados v Orange County Bd. of Elections*, 81 AD3d 757, 758-759 [2011]; *Matter of Johnson v Martins*, 79 AD3d 913, 921 [2010], *affd* 15 NY3d 584 [2010]; *Matter of Carney v Davignon*, 289 AD2d 1096, 1096 [2001]; *Matter of Kolb v Casella*, 270 AD2d 964, 965 [2000], *lv denied* 94 NY2d 764 [2000]; *Matter of McClure v D'Apice*, 116 AD2d 721, 723 [1986]). Tkaczyk contends that, despite the voters' failure to properly complete the forms, their ballots should be cast and canvassed because it can be reasonably inferred that the invalidity of the ballots was due to ministerial error by the county boards of elections that induced voters to enter inaccurate or incomplete information on the forms. We disagree (*see Matter of Panio v Sunderland*, 4 NY3d 123, 128 [2005]; Election Law § 16-106 [1]).

Amedore's various objections to absentee ballots were properly before Supreme Court; nevertheless, the objections should have been overruled in a number of cases.[5] Many of those objections pertain to the residency of voters, but a person may properly be a resident, for voting purposes, of any place where he or she is "physically present with the intent to remain for a time" (*People v O'Hara*, 96 NY2d 378, 384 [2001]; *accord Matter of Stewart v Chautauqua County Bd. of Elections*, 14 NY3d 139, 146 [2010]; *see* Election Law § 1-104 [22]). Inasmuch as Amedore failed to provide sufficient evidence to overcome the presumption that the individuals who cast ballots U7, U16,

---

4.   Those ballots are numbered A25, G52, G67, G68, G69, G73, G92, G210, U3, U21, U74, U86, U97, U134, U138, U174, U321, U377, U385, U403, U406, U409, U411, U459, U511 and U529.

5.   Supreme Court is empowered to resolve "challenges to absentee ballots based on nonresidency" (*Matter of Delgado v Sunderland*, 97 NY2d 420, 423 n [2002]; *see Matter of Mondello v Nassau County Bd. of Elections*, 6 AD3d 18, 21 [2004]), and Amedore preserved those challenges by objecting to the casting or canvassing of the ballots at issue (*see* Election Law §§ 8-506, 9-209; *Matter of Gross v Albany County Bd. of Elections*, 3 NY3d 251, 257 [2004]). To the extent that *Matter of Fingar v Martin* (68 AD3d 1435 [2009]) holds that individuals who are not commissioners of the board of elections must raise such arguments at the time an absentee ballot is issued, it is not to be followed (*compare* Election Law § 8-402; *Matter of Messina v Albany County Bd. of Elections*, 66 AD3d 1111, 1114 n [2009], *lv denied* 13 NY3d 710 [2009]).

U19, U23, U42, U235, U300, U361, U370 and U466 resided where they were registered to vote, those ballots must be cast and canvassed (*see* Election Law § 5-104 [2]; *Matter of Willkie v Delaware County Bd. of Elections*, 55 AD3d 1088, 1089 [2008]; *Matter of Dorman v Scaringe*, 245 AD2d 949, 950 [1997], *lv denied* 91 NY2d 813 [1998]).

Turning to Supreme Court's rulings on Amedore's other objections, the Ulster Board investigated questions regarding ballots U161, U278, U357 and U425 and presumably satisfied itself that their issuance was appropriate, and Amedore provided nothing to call that conclusion into question (*see* Election Law § 8-402 [2], [4]; *Matter of St. John v Board of Elections of County of Albany*, 145 Misc 2d 324, 328 [Sup Ct, Albany County 1989]; *Sheils v Flynn*, 164 Misc 302, 315-316 [1937], *affd* 252 App Div 238 [1937], *affd* 275 NY 446 [1937]). His objections to ballots G111 and U514 were not premised upon information that was statutorily required and, as such, did not invalidate those ballots. Lastly, his objections to ballots U150 and U172 were not addressed by Supreme Court and have been abandoned by virtue of his failure to raise that issue in his brief on appeal. We thus direct that absentee ballots G111, U7, U16, U19, U23, U42, U150, U161, U172, U235, U278, U300, U357, U361, U370, U425, U466 and U514 be cast and canvassed.

Tkaczyk's contentions regarding voters who applied or arguably should have applied for special federal ballots are also properly before us (*see* Election Law §§ 7-124 [1]; 11-200 [1]; 11-204 [3]). While we are unpersuaded by the bulk of those arguments, the voters who cast ballots U485 and U502 were either out of the country for a limited period or did not state that they were out of the country at all. Nothing in the record thus calls into question the Ulster Board's determination that those individuals remained residents who were not required to vote by special federal ballots. As such, the objections to their ballots should have been overruled (*see* Election Law §§ 1-104 [22]; 11-202 [1] [c]; *cf.* Election Law § 11-200 [1]).

We have examined the parties' remaining arguments and, to the extent that they are properly preserved for our review, have found them to be without merit.

Mercure, J.P., Spain, Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by directing the respective county boards of elections to cast and canvass ballots A25, G52, G67, G68, G69, G73, G92, G111, G210, U3, U7, U8, U16, U19, U21, U23, U36, U42, U59, U71, U74, U82, U86, U97, U116, U134, U137, U138, U150, U161, U162, U165, U172, U174, U177, U178, U179,

U218, U223, U227, U235, U241, U242, U278, U280, U281, U286, U300, U302, U309, U313, U321, U327, U338, U341, U353, U354, U357, U361, U368, U370, U371, U372, U377, U385, U387, U388, U391, U393, U394, U395, U403, U406, U409, U410, U411, U412, U413, U414, U415, U416, U417, U425, U429, U431, U434, U459, U460, U461, U466, U473, U485, U497, U502, U504, U511, U514, U524 and U529, and, as so modified, affirmed.