Per Curiam.
Appeal from that part of an order of the Supreme Court (Nolan Jr., J.), entered October 13, 2015 in Essex County, which partially granted petitioner’s application, in a proceeding pursuant to Election Law §§ 16-100, 16-106, 16-112 and 16-113, to determine the validity of certain absentee ballots cast in the Conservative Party primary election for the public office of County Judge of Essex County held on September 10, 2015.
The primary election involving the Conservative Party’s nomination for the office of County Judge of Essex County was conducted on September 10, 2015. The official election returns indicated that petitioner led respondent Brian Barrett (hereinafter respondent) by only one vote, not counting certain absentee ballots that had yet to be opened. Petitioner objected to the opening of two of these absentee ballots and his objections were recorded by the Essex County Board of Elections. Petitioner then commenced this proceeding seeking, among other things, to have Supreme Court determine the validity of the two absentee ballots at issue. Following joinder of issue and an evidentiary hearing, Supreme Court concluded that one absentee ballot was validly cast, but that the absentee ballot cast by James Abbott was invalid due to his lack of residency in Essex County. Only the first ballot was thereafter opened and the vote was in respondent’s favor, resulting in an equal number of votes being cast for each candidate. Respondent appeals.
*1063 Respondent takes issue only with that part of Supreme Court’s order that declared the Abbott ballot to be invalid and set it aside. From a procedural standpoint, he argues that Abbott is a necessary party because this proceeding is, in essence, a challenge to Abbott’s voter registration and he maintains that Supreme Court exceeded its jurisdiction in ruling on this issue. We find respondent’s contentions to be unpersuasive. As is pertinent to this appeal, this proceeding was brought pursuant to, among others, Election Law § 16-106, which sets forth the procedure for contesting absentee ballots, but not pursuant to Election Law § 16-108, which addresses the protocol for challenging a voter’s registration. Election Law § 16-108 (2) specifically provides that the voter whose registration is being challenged is a necessary party to such proceeding. No similar provision is contained in Election Law § 16-106 concerning a voter who has cast a contested absentee ballot.
Although residency issues are often the focus in Election Law § 16-108 proceedings (see Matter of Willkie v Delaware County Bd. of Elections, 55 AD3d 1088, 1089 [2008]), they also arise in the context of Election Law § 16-106 proceedings (see Matter of Dorman v Scaringe, 245 AD2d 949, 949-950 [1997], lv denied 91 NY2d 813 [1998]; Matter of Carola v Saratoga County Bd. of Elections, 180 AD2d 962, 963 [1992], lv denied 79 NY2d 756 [1992]; Matter of Carpinello v Tutunjian, 154 AD2d 872, 873 [1989]). Indeed, Supreme Court’s jurisdiction in such proceedings extends to challenges to absentee ballots based upon nonresidency (see Matter of Delgado v Sunderland, 97 NY2d 420, 423 n [2002]; Matter of Amedore v Peterson, 102 AD3d 995, 998 n 5 [2013], lv denied 20 NY3d 1006 [2013]). Moreover, the fact that a voter’s residency has been put in issue does not transform a proceeding to contest an absentee ballot into a proceeding to challenge a voter’s registration (see Matter of Messina v Albany County Bd. of Elections, 66 AD3d 1111, 1113-1114 [2009], lv denied 13 NY3d 710 [2009]). Significantly, this Court has held that where a petitioner has not challenged the registration of the voter who cast the absentee ballot either in the petition or at the evidentiary hearing, but instead seeks to preclude that voter’s absentee ballot from being counted, such voter is not a necessary party (see id. at 1113-1114). Inasmuch as that is the situation presented here, we find that Abbott is not a necessary party to this proceeding.*
Turning to the merits, Election Law § 1-104 (22) defines res *1064 idence as “that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return.” Notably, “one cannot create an address solely for the purpose of circumventing residency requirements” (People v O’Hara, 96 NY2d 378, 385 [2001]; see Matter of Stewart v Chautauqua County Bd. of Elections, 14 NY3d 139, 146 [2010]). The dispositive factor in determining “whether a particular residence complies with the requirements of the Election Law is that the individual must manifest an intent, coupled with physical presence ‘without any aura of sham’ ” (People v O’Hara, 96 NY2d at 385, quoting Matter of Gallagher v Dinkins, 41 AD2d 946, 947 [1973], affd, 32 NY2d 839 [1973]; see Matter of Maas v Gaebel, 129 AD3d 178, 180 [2015]). Further, under the Election Law, there is a presumption that an individual is a resident of the locality in which he or she is registered to vote (see Election Law § 5-104 [2]; Matter of Maas v Gaebel, 129 AD3d at 179; Matter of Amedore v Peterson, 102 AD3d at 998-999 [2013]). A party seeking to demonstrate otherwise bears “the weighty burden of proffering sufficient evidence to overcome that presumption” (Matter of Maas v Gaebel, 129 AD3d at 180; see Matter of Bressler v Holt-Harris, 37 AD2d 898, 898 [1971], affd 30 NY2d 529 [1972]).
On August 7, 2015, Abbott signed a registration form to vote as a member of the Conservative Party in Essex County and also applied for an absentee ballot on the same date, with an Atlanta, Georgia mailing address included in both documents. His registration was accepted by the Essex County Board of Elections on August 10, 2015. Abbott appeared at the hearing and testified that he is a 22-year-old college student in his senior year at the University of Alabama and currently lives in an apartment in Tuscaloosa, Alabama. He stated that his father grew up in Essex County, he has relatives in the county, he has spent many summer vacations there, and has taken shorter trips there to ski or spend the holidays. He had also taken a one-month summer course two different years at a nearby college. He testified that, although his parents both live in Atlanta, Georgia where he also lived before attending college in Alabama, his father owned property in Essex County that is improved by a residence. His father transferred a portion of the Essex County property to him by quitclaim deed dated August 13, 2015, which was executed by his cousin (a local attorney) as power of attorney and acknowledged by respondent. Abbott explained that it is his intention, after college graduation, to attend dental school in either New York City or Western New York and to eventually return to settle in Essex County.
*1065 Abbott, however, gave further testimony directly contradicting the conclusion that his place of residence is in Essex County. Significantly, he stated that he holds a Georgia driver’s license, currently receives mail at his parent’s respective addresses in Georgia, worked at his father’s dental practice in Georgia for one year following his high school graduation and is still employed by his father, paid nominal consideration to his father for the transfer of the Essex County property to him and has made no improvements to the property. He further stated that the property is currently listed for sale, having been placed on the market prior to the transfer, and that he would have to confer with his father prior to entering into any transaction to sell the property. Furthermore, he was unable to articulate a definitive plan for where he would live if the property were sold or if he was not admitted to dental school.
At the conclusion of the hearing, Supreme Court found that Abbott’s testimony was not credible and, therefore, the presumption of residency had been sufficiently rebutted. Considering the evidence presented, and given the proximity of the transfer of the Essex County property to the filing of Abbott’s voter registration, one could reasonably conclude, as Supreme Court did, that Abbott did not live in Essex County. Therefore, under the circumstances presented, and according due deference to Supreme Court’s credibility determinations (see Matter of Powell v Weyant, 307 AD2d 472, 472 [2003]), we find no reason to disturb Supreme Court’s invalidation of Abbott’s absentee ballot.
Peters, P.J., Lahtinen, McCarthy, Garry and Lynch, JJ., concur.
Ordered that the order is affirmed, without costs.

 We further note that, contrary to respondent’s claim, Supreme Court did not rule on the validity of Abbott’s voter registration.