Matter of Doyle v Browning (2021 NY Slip Op 02838)





Matter of Doyle v Browning


2021 NY Slip Op 02838


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2021-02992
 (Index No. 605822/21)

[*1]In the Matter of John W. Doyle, etc., et al., respondents,
v
Kate M. Browning, etc., et al., appellants.




DECISION & ORDER
In a consolidated proceeding pursuant to Election Law article 16, inter alia, in effect, (1) to review a determination of the Suffolk County Board of Elections dated April 8, 2021, denying the petitioners' objections to a petition designating Kate M. Browning as a candidate in a primary election to be held on June 22, 2021, for the nomination of the Democratic Party as its candidate for the public office of Suffolk County Legislator, 3rd Legislative District, and to compel the Suffolk County Board of Elections to remove Kate M. Browning's name from the ballot for that primary election, and (2) to review a determination of the Suffolk County Board of Elections dated April 16, 2021, denying the petitioners' objections to a certificate nominating Kate M. Browning as a candidate of the Democratic Party for the public office of Suffolk County Legislator, 3rd Legislative District, in a special election to be held on May 25, 2021, and to compel the Suffolk County Board of Elections to remove Kate M. Browning's name from the ballot for that special election, Kate M. Browning, Anita S. Katz, and the County of Suffolk separately appeal from a final order of the Supreme Court, Suffolk County (James Hudson, J.), dated April 26, 2021. The final order granted the petitions, annulled the determinations of the Suffolk County Board of Elections dated April 8, 2021, and April 16, 2021, and directed the Suffolk County Board of Elections to remove Kate M. Browning's name from the appropriate ballots.
ORDERED that the final order is reversed, on the law, without costs or disbursements, the petitions are denied, and the consolidated proceeding is dismissed.
In March 2021, Kate M. Browning filed a petition designating her as a candidate in a primary election to be held on June 22, 2021, for the nomination of the Democratic Party as its candidate for the public office of Suffolk County Legislator, 3rd Legislative District. John W. Doyle and Melissa Schlosberg (hereinafter together the petitioners) filed general objections and specifications of objections to the petition designating Browning as a candidate in the primary election. The Suffolk County Board of Elections (hereinafter the Board of Elections) denied the petitioners' objections by resolution dated April 8, 2021.
On April 8, 2021, the Suffolk County Democratic Executive Committee filed a certificate nominating Browning as a candidate of the Democratic Party for the public office of Suffolk County Legislator, 3rd Legislative District, in a special election to be held on May 25, 2021. The petitioners filed general objections and specifications of objections to the certificate nominating Browning as a candidate in the special election. The Board of Elections denied the petitioners' objections by resolution dated April 16, 2021.
The petitioners commenced a proceeding pursuant to Election Law article 16, inter alia, in effect, to review the determination of the Board of Elections denying their objections to the petition designating Browning as a candidate in the primary election, and to compel the Board of Elections to remove Browning's name from the ballot for the primary election. The petitioners [*2]commenced a second proceeding pursuant to Election Law article 16, among other things, in effect, to review the determination of the Board of Elections denying their objections to the certificate of nomination for the special election, and to compel the Board of Elections to remove Browning's name from the ballot for the special election. The Supreme Court consolidated the two proceedings.
In a final order dated April 26, 2021, the Supreme Court granted the petitions, annulled the determinations of the Board of Elections dated April 8, 2021, and April 16, 2021, and directed the Board of Elections to remove Browning's name from the appropriate ballots. The court concluded that, pursuant to a term limits provision of the Suffolk County Charter, Browning was ineligible to serve as a Suffolk County Legislator. Browning, Anita S. Katz, as a Commissioner of the Suffolk County Board of Elections, and the County of Suffolk separately appeal.
"[T]he plain language of the statute . . . is the clearest indication of legislative intent" (Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 607; see Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). Here, the relevant provision of the Suffolk County Charter states that "[n]o person shall serve as a County Legislator for more than 12 consecutive years" (Suffolk County Charter art II, § C2-5[B]). This provision does not expressly impose any total or lifetime term limit. Further, the plain language of the provision only prohibits a County Legislator from serving more than 12 consecutive years. In construing a statute, "words must be 'harmonize[d]' and read together to avoid surplusage" (Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 176, quoting Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington, 97 NY2d 86, 91). Therefore, the provision should not be interpreted as prohibiting an individual who has previously served as a County Legislator for 12 consecutive years from thereafter seeking a new term in that office, so long as the new term sought is not consecutive to the preceding term (see Suffolk County Charter art II, § C2-5; see generally Matter of Amedore v Peterson, 102 AD3d 995, 997). Accordingly, the Supreme Court should have denied the petitions and dismissed the consolidated proceeding.
In light of our determination, we need not reach Katz's remaining contention.
CHAMBERS, J.P., MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court