Matter of O'Hara v Board of Elections in the City of N.Y. (2022 NY Slip Op 04527)

Matter of O'Hara v Board of Elections in the City of N.Y.

2022 NY Slip Op 04527

Decided on July 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2022-05155
 (Index No. 517420/22)

[*1]In the Matter of John O'Hara, appellant,
v
Board of Elections in the City of New York, et al., respondents.

DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to validate a petition designating John O'Hara as a candidate in a primary election to be held on August 23, 2022, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 17th Senatorial District, John O'Hara appeals from a final order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 30, 2022. The final order denied the petition, inter alia, to validate the designating petition and dismissed the proceeding.
ORDERED that the final order is affirmed, without costs or disbursements.
The petitioner, John O'Hara, submitted a petition designating himself as a candidate in a primary election to be held on August 23, 2022, for the nomination of the Democratic Party as its candidate for the public office of New York State Senator for the 17th Senatorial District. The respondent Victoria Kelly filed general and specific objections to the designating petition.
Before the Board of Elections in the City of New York (hereinafter the BOE) ruled on the objections, the petitioner commenced this proceeding pursuant to Election Law § 16-102, inter alia, to validate his designating petition. Thereafter, the BOE ruled that the petitioner's designating petition was invalid because it contained fewer than the required 850 signatures. Many of the signatures on the designating petition were ruled invalid because the signatories resided outside of the 17th Senatorial District.
After a hearing on the petition, inter alia, to validate, the Supreme Court issued a final order denying the petition, inter alia, to validate and dismissing the proceeding.
The petitioner contends that the BOE was estopped from disallowing the out-of-district signatures because it failed to publish street finders and maps in preparation for the primary election, as was its usual practice. However, these claims were not pleaded in the petition, inter alia, to validate, and therefore were not properly before the Supreme Court (see Matter of Messina v Albany County Bd. of Elections, 66 AD3d 1111, 1114; Matter of Jennings v Board of Elections of City of N.Y., 32 AD3d 486, 486). In any event, as the Supreme Court determined, the contentions are without merit (see Matter of Kelly v O'Hara, _____ AD3d _____ [decided herewith]).
The BOE's contention that this appeal must be dismissed as untimely taken has not [*2]been considered, as it is based on matter dehors the record.
IANNACCI, J.P., ROMAN, CHRISTOPHER, ZAYAS and VOUTSINAS, JJ., concur.
ENTER: Maria T. Fasulo
Clerk of the Court