WILLIAM J. SHEILS, Appellant, *v.* EDWARD J. FLYNN, as Secretary of State, et al., Respondents.

WILLIAM CRONIN, as Chairman of the Democratic County Committee of Westchester County, Intervener, Appellant; CHARLES H. GRIFFITHS, as Chairman of the Republican County Committee of Westchester County, Intervener, Respondent.

Argued October 27, 1937; decided October 27, 1937.

*Julius Weiss, Timothy A. McCarthy* and *William J. O'Shea, Jr.,* for plaintiff, appellant. The Constitution declares who may vote by absentee ballot. None other than those who possess the qualifications can lawfully vote. (*People ex rel. Smith* v. *Pease,* 27 N. Y. 45; *People ex rel. Judson* v. *Thacher,* 55 N. Y. 525; *People ex rel. Frost* v. *Wilson,* 62 N. Y. 186; *Interstate Com. Comm.* v. *Louisville & Nashville R. R. Co.,* 227 U. S. 88; *Matter of Doey* v. *Howland Co.,* 224 N. Y. 30; *Miller* v. *City of Amsterdam,* 149 N. Y. 288; *Matter of Sloat* v. *Board of Examiners,* 274 N. Y. 367; *Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488; *Matter of Helfrick* v. *Dahlstrom M. D. Co.,* 256 N. Y. 199.) The statements of special circumstances contained in the challenged applications are unsupported conclusions of the ultimate fact which the statute requires to be established by proof. (*Kundolf* v. *Thalheimer,* 12 N. Y. 593; *Interstate Com. Comm.* v. *Louisville & Nashville R. R. Co.,* 227 U. S. 88; *Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488.) Certain of the applicants were not qualified absentee voters. (*Matter of Baker,* 126 Misc. Rep. 49; 215 App. Div. 791.) The affirmative defenses of failure to protest and waiver are lacking in merit, and should have been dismissed at the trial. (*Matter of Hearst* v. *Woelper,* 183 N. Y. 274; *People ex rel. Deister* v. *Wintermute,* 194 N. Y. 99; *People ex rel. Judson* v. *Thacher,* 55 N. Y. 525; *People ex rel. Dailey* v. *Livingston,* 79 N. Y. 279; *People ex rel. Smith* v. *Pease,* 27 N. Y. 45.)

*Edward K. Kennedy* and *Walter G. C. Otto* for intervener, appellant. Public policy and established legal principles demand that absentee votes be counted only

when issued and cast according to law. (*People ex rel. Nichols* v. *Board of Canvassers*, 129 N. Y. 395; *Straughan* v. *Meyer*, 268 Mo. 580; *Weber* v. *O'Connell*, 215 N. W. Rep. 538; *Rasp* v. *McHugh*, 237 N. W. Rep. 395; *Bullington* v. *Grabow*, 296 Pac. Rep. 1059; *Matter of Baker*, 126 Misc. Rep. 49; 215 App. Div. 791; *Drake* v. *State*, 144 N. Y. 414; *Loewy* v. *Gordon*, 129 App. Div. 459; *Matter of Bristol* v. *Buck*, 201 App. Div. 100; 234 N. Y. 504.) Where the applicant for an absentee ballot was required by statute to give a statement of " special circumstances " requiring his absence, such statement is essential to give the Board of Elections jurisdiction to issue an absentee ballot. The trial court erred in holding valid applications depending on special circumstances where the applicant had merely written " business," " away on business " or words of similar import. (*People ex rel. Rogers* v. *Spencer*, 55 N. Y. 1.)

*William A. Davidson, County Attorney (Frank J. Claydon* of counsel), for Board of Elections of County of Westchester, respondent. The Board of Elections of the County of Westchester in passing upon applications for absentee ballots acts in a judicial or quasi-judicial capacity and its action is not subject to review in this proceeding. (*People ex rel. Smith* v. *Hoffman*, 166 N. Y. 462; *Eastman Kodak Co.* v. *Richards*, 123 Misc. Rep. 83; *People ex rel. Chadbourne* v. *Voorhis*, 236 N. Y. 437; *People ex rel. Harris* v. *Commissioners*, 149 N. Y. 26; *Matter of Wicksel* v. *Cohen*, 262 N. Y. 446; *People ex rel. Francis* v. *Common Council*, 78 N. Y. 33; *People ex rel. Husted* v. *Board of Trustees*, 93 App. Div. 599; *Matter of Beck*, 245 Fed. Rep. 967; *United States Trust Co.* v. *Mayor*, 144 N. Y. 488; *Stanley* v. *Jay St. Connecting Railroad*, 182 App. Div. 399; 227 N. Y. 639.) The absentee ballots issued by the Board of Elections were in proper form and even if they were not the plaintiff and the public have waived any objection thereto. (*Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416; *Matter of Town of Groton*, 63

Misc. Rep. 370; *People ex rel. Hirsh* v. *Wood*, 148 N. Y. 142; *Matter of Peters*, 60 Misc. Rep. 420; *Matter of McDade*, 43 App. Div. 303; *People ex rel. Simmons* v. *Knicker-bocker*, 225 App. Div. 212; 250 N. Y. 594; *People ex rel. Nichols* v. *Board of Canvassers*, 129 N. Y. 395; *Matter of Merow*, 112 App. Div. 562; *Salducco* v. *Etkin*, 155 Misc. Rep. 361; 244 App. Div. 681; 268 N. Y. 606; *Matter of Houligan*, 55 Misc. Rep. 5.)

*John J. Dillon, Alfred M. Bailey* and *Walter W. Westall* for intervener, respondent. The absentee ballots, considered as a whole, were entirely valid. (*People ex rel. Hirsh* v. *Wood*, 148 N. Y. 142; *Matter of Lauer* v. *Board of Elections*, 262 N. Y. 416; *Matter of Merow*, 112 App. Div. 562; *Matter of Town of Groton*, 63 Misc. Rep. 370; 134 App. Div. 991; *People ex rel. Williams* v. *Board of Canvassers*, 105 App. Div. 197; *Matter of Arnold*, 32 Misc. Rep. 439; *Matter of Houligan*, 55 Misc. Rep. 5; *Matter of Deitz*, 87 Misc. Rep. 610.) The Board of Elections acts judicially in passing upon applications for absentee ballots, and its determination is not subject to attack in this action. (*People ex rel. Francis* v. *Common Council*, 78 N. Y. 33; *Matter of Wicksel* v. *Cohen*, 262 N. Y. 446; *United States* v. *Doherty*, 27 Fed. Rep. 730; *McLeod* v. *Receveur*, 71 Fed. Rep. 455; *Matter of Beck*, 245 Fed. Rep. 967; *Siskiyou County* v. *Gamlich*, 110 Cal. 94; *Board of Commissioners of Crawford County* v. *State*, 191 Ind. 335; *Bartlett* v. *N. Y. C. R. R. Co.*, 195 Mass. 299; *Mayor* v. *Davenport*, 92 N. Y. 604; *Buffalo & State Line R. R. Co.* v. *Board of Supervisors*, 48 N. Y. 93; *Stanley* v. *Jay St. Connecting Railroad*, 182 App. Div. 399; 227 N. Y. 639; *People ex rel. Brink* v. *Way*, 179 N. Y. 174.) Even if the court possesses the power of review, the result of the election cannot be changed in the plaintiff's favor. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90; *Glenn* v. *Gnau*, 251 Ky. 3; *Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Jones* v. *Smith*, 264 S. W. Rep. 950.)

*Per Curiam.* Where the Board of Elections under sections 117 and 118 of the Election Law (Cons. Laws, ch. 17) determines that the application and affidavit submitted therewith by a duly qualified voter is sufficient to permit him to vote as an absentee voter, the vote cannot be questioned in this action after election, where the vote has been received without objection or challenge and the jurisdictional defects are not sufficient to change the result.

We do not approve by this decision the form of the affidavits submitted.

The judgment should be affirmed, without costs.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgment affirmed.