Herbert D. Hamm, J.
This proceeding is concerned only with one absentee ballot, the ballot of one Grace Lord. This ballot after execution by the voter and receipt in the Board of Elections was forwarded to the sole election district of the Town of Jewett.
At the general election held November 5, 1957 in the Town of Jewett in Greene County the results exclusive of the ballot in issue indicated a tie vote for the office of Collector and a vote of 204 for one candidate for the office of Town Councilman and 203 for the other candidate for the same office. This proceeding is brought by the chairman of the Republican County Com *1016 mittee of Greene County to compel the inclusion of the absentee ballot in the canvass. The only respondents appearing are the Democratic inspectors. A hearing was held in this proceeding on December 6, 1957.
In a request for an application for absentee registration and voting due to physical disability the voter gave her “ legal voting address ” as the Town of Hunter. In her statutory application for absentee, registration and voting subsequently received by the Board of Elections she stated that she resided “ at the Town of Coxsackie ”. Her application stated also that when she last voted or registered she lived in “ East Jewett East Jewett is merely a hamlet, it might possibly be a post-office address. Her application also stated that she was confined in Hopewell Manor Nursing Home in the Town of Coxsackie. Section 151 of the Election Law provides: “For the purpose of registering and voting no person shall be deemed to have gained or lost a residence * * * while kept at any welfare institution, asylum or other institution wholly or partly supported at public expense or by charity”. The records of the Board of Elections of Greene County indicate that a person named Grace Lord last voted in Greene County in the Town of Hunter in the year 1948 and in Greene County in the Town of Jewett in the year 1942. The evidence is inconclusive as to the residence of Grace Lord when she entered the nursing home. It is also inconclusive as to whether her legal residence was changed to the district where the nursing home is located when or after she entered the nursing home. There is no evidence as to whether the home was partially sustained at public expense.
Section 118 of the Election Law provides for the exercise of judgment by the Board of Elections in issuing an absentee ballot. This is not merely a situation where an application was defective on its face and the ballot issued was hence not in conformity with the statute. In issuing the ballot the board exercised discretion and its act was judicial regardless of whether or not its action was erroneous. Since the members of the Board of Elections are parties to this proceeding only in their capacity as a board of canvassers, the determination of the board may not be collaterally attacked (Shiels v. Flynn, 252 App. Div. 238, 243, affg. 164 Misc. 302; affd. 275 N. Y. 446).
However, the answering respondents, the Democratic inspectors, were not foreclosed by the action of the board. Subdivision 2 of section 204 of the Election Law permits any person present on election night during examination of ballots to object to the qualifications of any absentee voter and subdivision 4 of *1017 section 330 of the Election Law provides a summary remedy in the case of the voting of a ballot after such objection.
However, this is what transpired. Pursuant to the provisions of subdivision 15 of section 153-a of the Election Law the inspectors of election were directed by the Board of Elections to make the required entries on the register of voters that Grace Lord had been registered by absentee registration. But, instead of complying with this mandate, they examined the register, found that the name of Grace Lord was not on the register, failed to canvass her ballot because of the absence of her name and returned the envelope containing it unopened and without notation to the Board of Elections. Their duty to make the required notations was merely ministerial and its performance may now be compelled.
Subdivision 2 of section 204 of the Election Law heretofore mentioned provides: ‘ ‘ During such examination any person present in the polling place may object to the voting of the ballot or ballots contained in any envelope upon the ground or grounds (1) that the person named thereon is not a qualified voter of the election district, or (2) that he was within the county while the polls of the election were open except where the applicant is an inmate of a veterans ’ bureau hospital within such county and except in cases where the ballot was obtained upon the ground of the inability to appear personally at the polling place on the day of the general election because of illness or physical disability, or (3) that he was able to appear personally while the polls of election were open, in cases where the ballot was obtained upon the ground of inability to appear personally at the polling place on the day of the general election because of illness or physical disability, or (4) that he was not entitled to cast such ballot or ballots. An inspector shall make such an objection if he shall know or suspect that the person named on such envelope is not such a qualified voter or was so within the county or was able so to appear personally, or was not entitled to cast such ballot or ballots. The board of inspectors forthwith shall proceed to determine each objection. Unless the board, by majority vote, shall sustain the objection, the chairman, or if he refuse, another inspector shall endorse upon the envelope the objection and the words ‘ not sustained, ’ shall sign such endorsement, and shall open the envelope and deposit the ballot or ballots as provided in this section. Should the board, by majority vote, sustain such objection, the objection and the word ‘ sustained ’ shall be similarly endorsed upon the envelope, the envelope shall not be opened nor the ballots therein *1018 canvassed, and such envelope shall be returned unopened to the board of elections.”
If the direction of the board had been complied with, the answering respondents, the Democratic inspectors, might, as heretofore remarked, still have proceeded as outlined in the statute quoted above. Had they done so their objection would have been preserved for review within 20 days of election under the provisions of subdivision 4 of section 330 of the Election Law, which provides: Protested, wholly blank or void ballots shown upon the statement of the canvass in any election district or districts, or any protested or rejected absentee voters’ ballots, including the original applications for such absentee ballots, for an election district or districts, in a proceeding instituted by any candidate or the chairman of any committee as defined in section two, against the board of canvassers, if any, of the returns from such district, and otherwise against the board of inspectors of election of such district, both of which boards shall continue in office for the purposes of this subdivision; and the court or justice may direct a recanvass, or the correction of any error in the canvass, of such ballots, but a proceeding under this subdivision must be instituted within twenty days of the election.” However, as stated, no objection to the absentee voter’s qualifications was made and the ballot was not canvassed.
An order may be submitted requiring the respondents to convene at 11 o’clock in the morning of December 31 at the Greene County courthouse and further requiring the respondents inspectors of election to canvass and include the ballot of Grace Lord and to proceed thereafter in accordance with law.
The respondents contend that fraud was committed by the voter. The Supreme Court possesses only such summary jurisdiction in election matters as is expressly conferred by statute (Fisher v. Schmarge, 120 N. Y. S. 2d 788) and, moreover I find that no fraud on the part of the voter has been established.
The order herein may be submitted on notice to chambers at Troy on December 28 at 11:00 a.m., at which time the papers in this proceeding and the testimony will be delivered to counsel for the petitioner and the exhibits will be returned to respective counsel.