[Cite as *State v. Vannatta*, 2011-Ohio-5074.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                          :

     Plaintiff-Appellee             :        C.A. CASE NO. 10CA34

vs.                                    :        T.C. CASE NO. 10CR137

CODY S. VANNATTA                       :        (Criminal Appeal from
                                                 Common Pleas Court)

     Defendant-Appellant            :

. . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . . .

Nick A. Selvaggio, Pros. Attorney, Atty. Reg. No. 0055607, 200
North Main Street, Urbana, OH 43078
    Attorney for Plaintiff-Appellee

Tara C. Dancing, Atty. Reg. No. 0077277, 1158 Kauffman Avenue,
Fairborn, OH 45324
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Cody Vannatta, appeals from his convictions
for trafficking in marijuana, assault and riot.

{¶ 2} Defendant entered pleas of guilty pursuant to a
negotiated plea agreement to two fifth-degree felony trafficking

in marijuana offenses in violation of R.C. 2925.03(A)(1), two fourth degree felony trafficking in marijuana offenses (schoolyard enhancement) in violation of R.C. 2925.03(A)(1), and two first degree misdemeanor offenses, assault in violation of R.C. 2903.13(A) and riot in violation of R.C. 2917.03(A)(1).  The trial court sentenced Defendant to consecutive prison terms of eleven months on each of the fifth degree felony drug offenses and seventeen months on each of the fourth degree felony drug offenses.  The court also sentenced Defendant to six months on each of the first degree misdemeanor offenses, concurrent to each other and the felony sentences, for an aggregate sentence of fifty-six months.

{¶3} Defendant timely appealed to this court from his convictions and sentences.

**FIRST ASSIGNMENT OF ERROR**

{¶4} "IT WAS ARBITRARY AND CAPRICIOUS AND AN ABUSE OF DISCRETION OF THE TRIAL COURT TO IMPOSE A 56 MONTH SENTENCE ON A FIRST TIME FELON FOR LOW LEVEL MARIJUANA TRAFFICKING OFFENSES."

{¶5} Defendant argues that the trial court abused its discretion by imposing upon him, a first time felony offender, nearly maximum consecutive sentences on the felony drug charges that resulted in an aggregate sentence of fifty-six months.

{¶6} In *State v. Jeffrey Barker*, Montgomery App. No. 22779,

2009-Ohio-3511, at ¶36-37, we wrote:

{¶ 7} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, at ¶37.

{¶ 8} "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*"

{¶ 9} At sentencing, the trial court stated that it had considered the purposes and principles of sentencing, R.C. 2929.11, Defendant's criminal history, the nature of the current criminal

conduct, and information provided by defense counsel regarding Defendant's attendance at AA meetings and G.E.D. classes. The court also heard oral statements by counsel and Defendant. The court informed Defendant about post release control requirements. The court did not, however, specifically mention that it had considered the seriousness and recidivism factors in R.C. 2929.12.

{¶ 10} In *State v. Miller*, Clark App. No. 09CA28, 2010-Ohio-2138, at ¶43, this court stated:

{¶ 11} "In the present case, Miller first argues that his sentence is clearly and convincingly contrary to law. In support, he appears to contend the trial court failed to consider the principles and purposes of sentencing in R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12. Although the trial court did not specifically cite either statute during the sentencing hearing, its judgment entry stated that it had 'considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and [had] balanced the seriousness and recidivism factors [under] Ohio Revised Code Section 2929.12.' Because a trial court speaks only through its journal entries, Miller's sentence is not contrary to law merely because the trial court failed to cite either statute during the sentencing hearing. *State v. Cave,*

Clark App. No. 09-CA-6, 2010-Ohio-1237, ¶ 10. 'Furthermore, even if there is no specific mention of those statutes in the record, "it is presumed that the trial court gave proper consideration to those statutes."' *Id.,* quoting *Kalish,* supra, at n. 4. We note too that Miller's five-year sentence is within the statutory range for a third-degree felony. See R.C. 2929.14(A)(3). Therefore, we have no basis for concluding that the sentence is contrary to law."

{¶ 12} In its Judgment Entry of Conviction and Sentence (Dkt. 32), the trial court indicated that it considered the presentence investigation report and the purposes and principles of felony sentencing. We presume the trial court gave proper consideration to the seriousness and recidivism factors in R.C. 2929.12. *Kalish; Miller.* The eleven month sentence the trial court imposed on each fifth degree felony drug offense, and the seventeen month sentence the court imposed on each fourth degree felony drug offense, which the court ordered to be served consecutively, are within the authorized range of available punishments for felonies of the fourth and fifth degree. R.C. 2929.14(A)(4) and (5). Accordingly, we have no basis to conclude that Defendant's sentence is contrary to law.

{¶ 13} As for the severity of Defendant's sentence, the fifty-six month aggregate sentence the trial court imposed, while stringent, is supported by this record. The overriding purposes

of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). The record indicates that after having been indicted for five drug offenses and being released on bond, Defendant committed the assault and riot offenses. At sentencing, Defendant refused to reveal the name of his drug supplier. Defendant has a record of criminal conduct, including juvenile delinquency. Those matters demonstrate a pattern of recidivism and a need to protect the public. We see no abuse of discretion in the sentences the court imposed.

{¶ 14} Defendant relies upon *State v. Money*, Clark App. No. 2009CA119, 2010-Ohio-6225, wherein we concluded that a twelve month maximum sentence for a first time felony offender who pled guilty to a single fifth degree felony drug trafficking offense was an abuse of discretion. That reliance is misplaced. Unlike the defendant in *Money*, Defendant Vannatta refused to cooperate with authorities by naming his supplier of marijuana. In addition, unlike in *Money*, Defendant committed additional crimes while he was released on bond. No abuse of discretion is demonstrated.

{¶ 15} Defendant's first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 16} "IT WAS A VIOLATION OF DEFENDANT'S U.S. AND OHIO CONSTITUTIONAL RIGHTS AGAINST DOUBLE JEOPARDY THAT COUNTS TWO, THREE AND FIVE DID NOT MERGE PRIOR TO SENTENCING."

{¶ 17} Defendant argues that the trial court erred by failing to merge the three trafficking in marijuana offenses charged in Count Two, Three and Five of the indictment that occurred during June 2010, because they are allied offenses of similar import. R.C. 2941.25(A).

{¶ 18} At the outset we note that Defendant failed to raise an allied offenses of similar import issue before the trial court. Therefore, he has waived all but plain error. *State v. Coffey*, Miami App. No. 2006CA6, 2007-Ohio-21, Crim.R. 52(B). In Coffey, *Id*., at ¶10, we stated:

{¶ 19} "The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal and permits an appellate court to review an alleged error where necessary to prevent a manifest 'miscarriage of justice.' *State v. Long* (1978), 52 Ohio St.2d at 96. To prevail under a plain error standard, then, an appellant must demonstrate both that there was an obvious error in the proceedings and that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Noling,* 98 Ohio St.3d 44, 2002-Ohio-7044."

{¶ 20} Counts Two, Three and Five all charge Defendant with trafficking in marijuana in violation of R.C. 2925.03(A)(1) in that he did knowingly sell or offer to sell a controlled substance, marijuana. Counts Two and Three specify that the offense was committed in the vicinity of a school or juvenile. R.C. 2925.03(C)(3)(b). That makes the offense a felony of the fourth degree.

{¶ 21} The Double Jeopardy Clause of the United States Constitution, which applies to the States through the Fourteenth Amendment prohibits multiple punishments for the same offense. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶10. However, the Double Jeopardy Clause only prohibits a sentencing court from prescribing greater punishment than the legislature intended. *Id.*, at ¶11. The two-tiered test set forth in R.C. 2941.25, Ohio's multiple count statute, resolves both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct. *Id.*, at ¶12. However, it is not necessary to resort to that test when the legislature's intent to impose multiple punishments is clear from the language of the statute. *Id.*, at ¶37.

{¶ 22} Ohio's multiple counts statue, R.C. 2941.25, provides:

{¶ 23} "(A) Where the same conduct by defendant can be construed

to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 24} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 25} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Ohio Supreme Court announced a new test for determining when offenses are allied offenses of similar import that must be merged pursuant to R.C. 2941.25. *Johnson* overruled the previous test announced in *State v. Rance* (1999), 85 Ohio St.3d 632, and held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." Id. at syllabus. The Supreme Court explained its holding at ¶47-51, stating:

{¶ 26} "Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct. Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

{¶ 27} "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. *Blankenship*, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ('It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses *can be* committed by the same conduct. It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses.' [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶ 28} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' *Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

{¶ 29} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

{¶ 30} "Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other,

or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge."

{¶ 31} Defendant was convicted of three counts of the same offense, trafficking in marijuana in violation of R.C. 2925.03(A)(1). Being the very same criminal offense, they can be committed with the same conduct and are allied offenses of similar import per R.C. 2941.25(A). The further issue is whether the exception to merger in R.C. 2941.25(B) applies.

{¶ 32} At the sentencing hearing, the following colloquy took place:

{¶ 33} "THE COURT: Counsel for the State, how many different times have you – do you believe that the defendant sold marijuana he's been charged with here?

{¶ 34} "MR. SELVAGGIO: We have him charged in the indictment with four times, and he has pled to four times.

{¶ 35} "THE COURT: One of those was in December of 2009, the others were in June of 2010?

{¶ 36} "MR. SELVAGGIO: Yes.

{¶ 37} "THE COURT: Thank you. So do you understand that there are claims that you admitted that there were four different times when you, in your words, transferred, but in the eyes of the law you have sold marijuana?

{¶ 38} "DEFENDANT VANNATTA: Yes, sir."  (T. 10).

{¶ 39} Defendant's admission that there were "four different times" when he sold marijuana demonstrates that the four drug offenses were committed separately.  Merger is not required.  R.C. 2941.25(B).

{¶ 40} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.

DONOVAN, J., And WAITE, J., concur.

(Hon. Cheryl L. Waite, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)

Copies mailed to:

Nick A. Selvaggio, Esq.
Tara C. Dancing, Esq.
Hon. Roger B. Wilson