[Cite as *State v. Bateman*, 2011-Ohio-5808.]

IN THE COURT OF APPEALS OF CHAMPAIGN COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee           :      C.A. CASE NO. 2010CA15

vs.                                    :      T.C. CASE NO. 2010CR19

JOSHUA ROSS BATEMAN                    :      (Criminal Appeal From
                                           Common Pleas Court)
    Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 10th day of November, 2011.

. . . . . . . . .

Nick Selvaggio, Pros. Attorney, 200 North Main Street, Urbana, OH  43078
    Attorney for Plaintiff-Appellee

Jessica R. Moss, Atty. Reg. No. 0085437, 2233 Miamisburg Centerville Road, Dayton, OH 45459
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Joshua Bateman, entered pleas of guilty to illegal conveyance of drugs of abuse onto the grounds of a detention facility, R.C. 2921.36(A)(2), a third degree felony, and trafficking in heroin, R.C. 2925.03(A)(2), a fifth degree felony.

In exchange for Defendant's guilty pleas, the State dismissed a possession of heroin charge and agreed to recommend community control sanctions at sentencing. The trial court sentenced Defendant to concurrent one year prison terms on each offense, and fined Defendant four hundred dollars.

{¶ 2} Defendant timely appealed to this court from his conviction and sentence. Defendant's appellate counsel filed an *Anders* brief, *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2D 493, stating that she could find no meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record. *Penson v. Ohio* (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.

{¶ 3} Defendant's appellate counsel has identified two possible issues for appeal, the first of which is:

{¶ 4} "1. DID THE TRIAL COURT COMPLY WITH THE REQUIREMENTS OF CRIMINAL RULE 11 IN ACCEPTING THE APPELLANT'S PLEA OF GUILTY TO ONE (1) COUNT OF ILLEGAL CONVEYANCE OF DRUGS OF ABUSE ONTO GROUNDS OF A DETENTION FACILITY, IN VIOLATION OF ORC 2921.36(A)(2)(G)(2), A FELONY OF THE THIRD DEGREE, AND TO ONE (1) COUNT OF TRAFFICKING IN HEROIN, IN VIOLATION OF ORC 2925.03(A)(2)(C)(6)(a), A FELONY OF THE FIFTH DEGREE?"

{¶ 5} To be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama* (1969),395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Compliance with Crim.R. 11(C)(2) in accepting guilty or no contest pleas portrays those qualities. *State v. Fisher*, Montgomery App. No, 23992, 2011-Ohio-629, at ¶16.

{¶ 6} Crim. R. 11(C)(2) provides:

{¶ 7} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 9} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 10} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or

her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 11} In *State v. Russell*, Clark App. No. 10CA54, 2011-Ohio-1738, we stated:

{¶ 12} "¶7. The Supreme Court of Ohio has urged trial courts to literally comply with Crim.R. 11. *Clark* at ¶ 29. The trial court must strictly comply with Crim.R. 11(C)(2)(c), as it pertains to the waiver of constitutional rights. *Clark* at ¶ 31. The failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly. *State v. Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12.

{¶ 13} "¶8. However, because Crim.R. 11(C)(2)(a) and (b) involve non-constitutional rights, the trial court need only substantially comply with those requirements. *State v. Nero* (1990), 56 Ohio St.3d 106, 108; *Greene* at ¶ 9. Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. *State v. Miller,* Clark App. No. 08 CA 90, 2010-Ohio-4760, ¶ 8, citing *State v. Veney,* 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 15. A defendant who challenges his guilty plea

on the ground that the trial court did not substantially comply with Crim.R. 11(C)(2)(a) and (b) must show a prejudicial effect, which requires the defendant to show that the plea would otherwise not have been entered. *Griggs* at ¶ 12."

{¶ 14} With respect to the requirement in Crim.R. 11(C)(2)(b) that the trial court advise Defendant about and determine that Defendant understands the effect of his guilty or no contest plea(s), Defendant argues that statements that he made at the hearing on his motion to withdraw his pleas demonstrate that he did not understand the effect of his pleas. Defendant claims that he mistakenly thought that his no contest plea would enable him to get of jail on bond so he could then prove his innocence or have his day in court. That claim is refuted by the discussion held between the court and Defendant during the plea hearing, in which Defendant acknowledged his understanding of the court's explanation that the Defendant's plea would result in a waiver of his right to trial and a finding of guilty to the charges against him.

{¶ 15} The record of the plea hearing in this case demonstrates that the trial court meticulously complied with both Crim.R. 11(C)(2) in advising Defendant about the various constitutional rights he would be giving up by entering pleas of guilty, and with Crim.R. 11(C)(2)(a) and (b) in advising Defendant about the

non-constitutional matters including the nature of the charges, the effect of Defendant's guilty pleas, and the maximum penalties involved. Defendant's guilty pleas were entered knowingly, intelligently, and voluntarily. This assignment of error lacks arguable merit.

{¶ 16} "2 DID THE TRIAL COURT ERR IN SENTENCING THE APPELLANT TO ONE (1) YEAR IMPRISONMENT BASED ON HIS CONVICTION FOR ILLEGAL CONVEYANCE OF DRUGS OF ABUSE ONTO GROUNDS OF A DETENTION FACILITY, IN VIOLATION OF ORC 2921.36(A)(2)(G)(2), A FELONY OF THE THIRD DEGREE, AND TO TRAFFICKING IN HEROIN, IN VIOLATION OF ORC 2925.03(A)(2)(C)(6)(a), A FELONY OF THE FIFTH DEGREE?"

{¶ 17} In State v. Jeffrey Barker, Montgomery App. No. 22779, 2009-Ohio-3511, at ¶36-37, we wrote:

{¶ 18} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855, at ¶37.

{¶ 19} "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard. *Id.*"

{¶ 20} At sentencing, the trial court heard the oral statements of counsel for both parties and Defendant's statement. The court also informed Defendant about post release control requirements. In its Journal Entry of Conviction and Sentence, the court indicated that it had considered the purposes and principles of felony sentencing, R.C. 2929.11, and had reviewed the presentence investigation report. The court also once again advised Defendant about post release control requirements. The court did not, however, specifically state that it had considered the seriousness and recidivism factors in R.C. 2929.12.

{¶ 21} Even if there is no specific statement in the record by the trial court that the trial court considered the purposes and principles of felony sentencing, R.C. 2929.11, or the seriousness and recidivism factors, R.C. 2929.12, it is presumed

that the trial court gave proper consideration to those statutes. *State v. Miller*, Clark App. No. 09CA28, 2010-Ohio-2138, at ¶43; *Kalish*, at fn. 4. We additionally note that the one year prison term the court imposed on each offense is within the authorized range of available punishments for felonies of the third and fifth degree. R.C. 2929.14(A)(3, (5). Defendant's sentence is not contrary to law. *Kalish*.

{¶ 22} With respect to the severity of the sentence, the trial court imposed <u>concurrent</u> one year prison terms on each offense. While that represents the maximum sentence for the fifth degree felony of trafficking in heroin, it also represents the minimum sentence for the third degree felony of illegally conveying drugs of abuse onto the grounds of a detention facility.

{¶ 23} The charges in this case resulted from Defendant bringing heroin into the TriCounty Jail while he was serving weekends- only in that jail for the misdemeanor offense of receiving stolen property. The sentencing court had allowed Defendant to serve his sentence on the weekends so he would not lose his job. Another inmate at that jail asked Defendant to bring in heroin in exchange for one hundred dollars, which Defendant did. Defendant committed the offense in this case while he was serving his sentence for a previous offense.

{¶ 24} Defendant's criminal history includes a prior conviction

for receiving stolen property and some trespassing and underage consumption charges. Defendant has serious substance abuse issues. Additionally, at the time of sentencing in this case, Defendant had felony charges pending against him in Franklin County for misuse of a credit card. The factors in R.C. 2929.12(D)(2) and (3) indicating that Defendant is likely to commit future crimes apply in this case.

{¶ 25} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing. R.C. 2929.12(A). We see no abuse of discretion on the part of the trial court in imposing a one year sentence in this case. This assignment of error lacks arguable merit.

{¶ 26} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Nick A. Selvaggio, Esq.
Jessica R. Moss, Esq.
Joshua Bateman
Hon. Roger B. Wilson