[Cite as *State v. Ward*, 2012-Ohio-293.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                       :

    Plaintiff-Appellee           :    C.A. CASE NO. 24521

vs.                                 :    T.C. CASE NO. 10CR3763

DOMINIQUE M. WARD                   :    (Criminal Appeal from
                               Common Pleas Court)
    Defendant-Appellant          :

. . . . . . . . .

O P I N I O N

Rendered on the 27th day of January, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Michele D. Phipps, Asst.
Pros. Attorney, Atty. Reg. No. 0069829, P.O. Box 972, Dayton, OH
 45422
    Attorneys for Plaintiff-Appellee

Richard A. Nystrom, Atty. Reg. No. 0040615, 1502 Liberty Tower,
120 West Second Street, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} Defendant, Dominique Ward, was indicted on one count
of aggravated robbery involving use of a deadly weapon, R.C.
2911.01(A)(1), one count of aggravated robbery involving serious
physical harm, R.C. 2911.01(A)(3), one count of receiving stolen

property, R.C. 2913.51(A), and one count of obstructing justice, R.C. 2921.32(A)(5). Both aggravated robbery charges included a three year firearm specification. R.C. 2941.145. Pursuant to a negotiated plea agreement, Defendant entered a plea of guilty to the aggravated robbery charge involving use of a deadly weapon, without the attached firearm specification. In exchange, the State dismissed the remaining charges and firearm specifications. The trial court sentenced Defendant to a four-year prison term.

{¶ 2} Defendant timely appealed to this court from her conviction and sentence.

ASSIGNMENT OF ERROR

{¶ 3} "WHETHER THE COURT ABUSED HER DISCRETION IN IMPOSING AN UNREASONABLE SENTENCE IN NONCONFORMANCE TO THE PRINCIPLES AND PURPOSES OF SENTENCING UNDER O.R.C. 2929.11 AND 2929.12 AND SUFFICIENT TO COMPROMISE DEFENDANT'S CONSTITUTIONAL RIGHTS TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."

{¶ 4} Aggravated robbery involving use of a deadly weapon, R.C. 2911.01(A)(1), is a first degree felony offense. R.C. 2911.01(C). First degree felony offenses are punishable by imposition of a definite term of imprisonment of three, four, five, six, seven, eight, nine, ten or eleven years. R.C. 2929.14(A)(1).

{¶ 5} Defendant argues that the trial court abused its discretion in sentencing her, a first time felony offender, to more than the three year minimum sentence for aggravated robbery because she was, at worst, an accomplice after the fact, because she lacked any prior knowledge about the robbery and did not take part in the planning or performance of the robbery. Simply put, Defendant contends that the facts demonstrate that her culpability, the risk she poses to society, and her potential for recidivism are all minimal and therefore do not justify more than a minimum sentence.

{¶ 6} On the night of November 26, 2010, Defendant was visiting her mother and needed a ride home. She asked her sister. When Defendant's sister picked her up, there were two men inside the vehicle. Rather than taking Defendant directly home, Defendant's sister stopped at the home of a friend, Kindle Battle, and they all went inside the home to socialize. Defendant played video games with the children who were present in the home. Suddenly, the two men pulled a gun on Kindle Battle, at which point Defendant ran outside to the car. Battle was pistol whipped and suffered serious physical harm. Battle's ten year old son, who witnessed the incident, suffered psychological trauma. Eventually, stolen items from the Battle home were carried out to the car in which Defendant was waiting. The group then drove to Defendant's home

where they divided up the stolen loot.

{¶7} In *State v. Jeffrey Barker*, 2nd Dist. Montgomery No. 22779, 2009-Ohio-3511, at ¶36-37, we wrote:

> The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph 7 of the syllabus. Nevertheless, in exercising its discretion the trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Mathis,* 109 Ohio St.3d 54, 846 11 N.E.2d 1, 2006-Ohio-855, at ¶37.

> When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. *State v. Kalish*, 120 Ohio St.3d 23, 896 N.E.2d 124, 2008-Ohio-4912. If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment

must be reviewed under an abuse of discretion standard.

*Id.*

{¶ 8} Defendant does not argue that her sentence is clearly and convincingly contrary to law because the trial court failed to comply with the applicable rules and statutes in imposing its sentence.  Rather, Defendant argues that on these facts any sentence greater than the minimum is excessive and constitutes an abuse of the trial court's discretion.  We disagree.

{¶ 9} Although *Foster* freed the trial courts from most of the requirements to make findings or give its reasons before imposing maximum, consecutive, or greater than minimum sentences, the legislative policy remains: "A first prison term should be the minimum sentence within the range absent reason to impose a greater sentence."  *State v. Bowshier,* 2nd Dist. Clark No. 08CA58, 2009-Ohio-3429, ¶ 11.  If the trial court imposes more than a minimum sentence, support for the sentence should appear in the record.  *Id.*; Griffin and Katz, Ohio's Felony Sentencing Law (2007) 208.

{¶ 10} Here, the trial court's four year sentence, which is one year more than the minimum sentence for felonies of the first degree, and seven years less than the maximum, is supported by the record.  This robbery involved a deadly weapon, a gun, that was used to beat and injure the adult victim in the presence of

the victim's young son.  In imposing its four year sentence, the trial court took into account that Defendant may be the least culpable of all of the perpetrators and that she entered a guilty plea, but the court noted that once Defendant became aware of the robbery, Defendant didn't do or say anything to try and stop it, and she did not call police for help for the victim or the children who were present.  As a result, the adult victim was injured and his ten year old son who witnessed the incident was psychologically traumatized.  Furthermore, by defense counsel's own admission at sentencing, Defendant "assisted in the carrying out or handling of the spoils."  To that limited extent, at least, Defendant ratified the perpetrators' criminal conduct. Finally, Defendant has a previous misdemeanor conviction for petty theft in 2010.

{¶ 11} The overriding purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender.  R.C. 2929.11(A).  The trial court has discretion to determine the most effective way to comply with the purposes and principles of sentencing.  R.C. 2929.12(A).  We see no abuse of discretion on the part of the trial court in imposing a four year sentence in this case.

{¶ 12} Defendant's sole assignment of error is overruled.  The judgment of the trial court will be affirmed.

DONOVAN, J., And HALL, J., concur.

Copies mailed to:

Michele D. Phipps, Esq.
Richard A. Nystrom, Esq.
Hon. Frances McGee